IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK McCANN,

                Plaintiff,

v.

DANE COUNTY COURT SERVICES,

                Defendant.

OPINION and ORDER

19-cv-989-jdp

---

DERRICK McCANN,

                Plaintiff,

v.

CHILDREN HOSPITAL OF WISCONSIN
COMMUNITY SERVICES,

                Defendant.

OPINION and ORDER

19-cv-990-jdp

---

Plaintiff Derrick McCann, a Madison resident, alleges in both of these cases that officials involved in child-custody placements proceedings discriminated against him based on his race and gender, leading his children to be placed with their mother, where they suffered abuse. The court has already concluded that plaintiff may proceed in forma pauperis in these cases without prepayment of any portion of the $350 filing fee for each case.[1]

The next step is for me to screen McCann's complaints and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] Because McCann's allegations in both cases appear to be connected to the same family-court proceedings, there was no reason for him to file to separate lawsuits; the cases could have been brought together under Federal Rule of Civil Procedure 20. So I will direct the clerk of court to waive the filing fee for the '990 case.

money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaints generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

McCann alleges that staff at Dane County Court Family Services and at Children's Hospital of Wisconsin Community Services discriminated against him because of his gender and race, leading his children to be placed with their mother for 15 years, where they were subjected to unsafe living conditions and abuse. (McCann is black and his children's mother is white.) McCann previously brought three similar complaints against social workers involved in paternity or child-custody proceedings involving his children. *McCann v. Doyle*, No. 15-cv-104-jdp (W.D. Wis.); *McCann v. Anderson*, 15-cv-94-jdp (W.D. Wis.); *McCann v. Family Court Counseling Serv.*, No. 15-cv-93-jdp (W.D. Wis.). In each of those cases, I concluded that McCann's allegations were too vague to tell exactly what he was alleging that the social worked did to harm his children. *See, e.g.*, Dkt. 4 in the '104 case, at 2. But if he was alleging that defendants' actions were performed as social workers within the context of an ongoing child protective services case, it was unlikely that he could bring any claims against them. *Id.* at 3 (citing *Millspaugh v. County Dept. of Pub. Welfare of Wabash Cnty.*, 937 F.2d 1172, 1176 (7th Cir. 1991) ("social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court"). *See also Ellis v. Hamilton*, 669 F.2d 510, 515 (7th Cir. 1982) (no due process claim for deprivation of right to parent children when state provides adequate procedural remedies). In each case, I gave McCann a chance to amend his complaint to better

2

explain how defendants violated his rights, but he did not submit amended complaints in any of the cases, and I dismissed them all.

McCann's allegations in his current complaints are very similar to those in his previous complaints. His allegations remain too vague to tell for sure what he is saying that defendants did to violate his rights, but it appears that they were involved in ongoing family-court proceedings considering the children's placement, and so they are immune from suit under *Millspaugh* and *Ellis*. Another problem with McCann's complaints is that he sues a county agency and what appears to be a private agency contracted to perform social-work activities in child-custody cases. To succeed on constitutional claims against the county or a private entity working for the county, McCann would need to allege that his rights were violated because of a county policy or custom or by acts performed by an official with final policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (applying *Monell* to actions of private company contracted with government). McCann does not allege any of those things here.

If this were McCann's first time filing a complaint about his child-custody proceedings, I would give him a chance to amend his complaint to better explain what defendants did to violate his rights. But given McCann's history of filing cases about the child-custody proceedings and failing to amend his complaint, I see no reason to give him yet another chance to amend his complaint. Nothing he has said in any of his cases suggest that he has a claim for relief under the United States Constitution. So I will dismiss both cases. I take no position on whether McCann would be able to bring similar claims in state court.

ORDER

IT IS ORDERED that:

1. The filing fee for case no. 19-cv-990-jdp is waived.

2. Both of these cases are DISMISSED for plaintiff Derrick McCann's failure to state a claim upon which relief may be granted.

3. The clerk of court is directed to enter judgment for defendants.

Entered December 9, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge